SYLVANUS STILES, plaintiff in error, agt. ERASTUS SPAULDING *et al.*, defendants in error.

It is *unnecessary*, on bringing a writ of error from this court to the common pleas, on a judgment rendered on a *certiorari brought upon a justice's judgment*, to file or deliver with the writ of error a *certificate of counsel*, pursuant to 2 *R. S.*, p. 597. A certificate of the first judge of the common pleas, pursuant to the act of 1836, chapter 794, is the proper certificate to file in *such a case.*

*June Term*, 1846.

MOTION by defendants in error to quash writ of error.

It appeared, from the papers of defendants in error, that the record of judgment in this cause was filed with the clerk of the court of common pleas of the county of St. Lawrence, on the 18th of February last. On the same day plaintiff's attorney served on defendants' attorney a notice of the allowance of a writ of error, to the court of common pleas from this court, and of bail in error with their names and additions. The notice did not contain any statement of the time of the *teste* nor *return* of the writ; and at the time of filing the writ and the bail in error with the clerk of the common pleas, there was no *certificate of counsel* filed, or delivered to the clerk, nor was there any certificate of counsel subsequently filed or delivered; there was no other certificate filed or delivered, except the certificate of the first judge of the county. After the attorney for defendants in error had made an affidavit and procured an order staying proceedings for this motion, he received a notice from the attorney of plaintiff in error, giving the time of the *teste* and *return* to the writ of error.

From the papers on the part of the plaintiff in error, it appeared that this was a writ of error from this court to the

court of common pleas of the county of St. Lawrence, to re-move the record and proceedings in the cause, of the court of common pleas, on reversal, on certiorari, of a judgment ren-dered by a justice of the peace, in which justice's court the cause originated : that within thirty days after the record of judgment of the court of common pleas was filed, a writ o⁀ error and all the other proceedings to remove the [*192] record of the common pleas were duly filed *with the clerk of the court of common pleas, and with the writ of error and proceedings was also filed a certificate of John Fine, Esq., first judge of the court of common pleas, who was a counselor of this court, and who was present and presiding at the hearing and argument of the cause on certio-rari, who examined the record and proceedings in the cause, stating that, in his opinion, it was a proper cause to be re-moved by writ of error to this court ; and on the same day of filing the writ, &c., with the clerk of the court of common pleas, plaintiff's attorney served a notice on the defendants' attorney, in which was omitted to be stated the *teste* and *return* of the writ ; but notice was subsequently served, giv-ing the time of the teste and return as stated in defendants' papers.

> J. H. COLLIER, *defendants' counsel.*
> WM. C. COOK, *defendants' attorney.*
> F. H. HASTINGS, *plaintiff's counsel.*
> THOS. V. RUSSELL, *plaintiff's attorney.*

JEWETT, Justice. The common pleas reversed a justice's judgment on certiorari, from which a writ of error is brought, notice of which was served on the attorney for the defendant in error prior to the service of notice of this motion. The plaintiff in error did not procure and file with the clerk of the common pleas certificate of counsel, pursuant to 2 *R. S.*, p. 597, § 32. This was unnecessary in *this case.* The plain-tiff in error procured and filed a certificate of the first judge of the common pleas, pursuant to the act of 1836, chap. 794. Motion denied with $7 costs.